DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion that the case be dismissed. The court discussed the request with the parties during a case management conference held October 29, 2008. Serafina Allie (Allie) and Elaine Hudson participated on their own behalf. Dave Babcock represented Defendant.
 I. STATEMENT OF FACTS
The subject property is a single-family residence identified as Account R114765. Plaintiffs' complaint was filed August 29, 2008, and seeks review of the property assessment and resulting tax bill increase for tax year 2007-08. Plaintiffs acquired the property in September of 2006, very near the assessment date of January 1, 2007. They paid $249,950.
Plaintiffs did not earlier timely appeal tax year 2007-08 to the Multnomah County Board of Property Tax Appeals (BOPTA). They stated they were unaware of the precise appeal process. The original tax statement was sent to Allie's previous address. When a copy was received, they were confused by the language about filing an appeal; the deadline of December 31 was given, but no year was mentioned. However, by that time, the December 31, 2007, deadline had passed. *Page 2 
As to any tax year 2007-08 valuation claim, Plaintiffs focus on the increase in their monthly tax bill from the prior year. They did not repudiate their purchase price nor allege they paid too much.
Defendant claims the court should dismiss the appeal because Plaintiffs failed to pursue their remedy with BOPTA.
 II. ANALYSIS
This court is given the authority to determine property valuations, but not to equalize taxes or monthly payments. Any lower tax charges are usually the result of a lowered assessed value.
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur which prevent a taxpayer from timely appealing to BOPTA. As a result, the legislature granted this court the authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3). *Page 3 
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For the 2007-08 tax year, Plaintiffs did not submit a timely appeal to BOPTA.[2] They candidly admit they were earlier unaware of the appeal process and filing deadlines. Although there was a delay in receiving the tax statement and some questions about the appeals language they read, they could have inquired further about the process. Receiving a tax statement is not a prerequisite to filing an appeal. Such circumstances are not so extraordinary as to prevent an appeal from being made. As a result, the court finds good and sufficient cause is lacking for Plaintiffs' failure to timely pursue an appeal for the 2007-08 tax year. *Page 4 
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under that approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * * .
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
ORS 305.288(1) (emphasis added).
Here, there is no precise pleading of a lower real market value. If the purchase price is used, with no adjustments, the range is close at 4.5 percent. Therefore, there is no showing of a gross error. *Page 5 
 III. CONCLUSION
The court concludes that Plaintiffs do not meet the exceptions provided by ORS 305.288 for failing to pursue their remedy with BOPTA. The court finds, therefore, that Plaintiffs' appeal should be dismissed. Now, therefore,
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
Dated this ___ day of November 2008.
If you want to appeal this decision, file a complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your complaint must be submitted within 60 days after the date of thedecision or this decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on November7, 2008. The Court filed and entered this document on November 7,2008.
[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2005.
[2] A petition was submitted on July 21, 2008; it was rejected as being untimely. *Page 1